BERTIE LEE CLOSE and KENNETH R. CLOSE, her husband, *Appellants,* vs. C. A. WEBSTER, *Appellee.*

Division B.

Opinion filed February 10, 1931.

*Walsh, Beckham, Farley & Ellis,* for Appellants;

*Taylor & Watts,* for Appellee.

BUFORD, J.—This is an appeal from a final decree in a foreclosure suit.

The record shows that decree pro confesso was properly entered against all defendants and, thereupon, final decree was entered against all defendants.

A motion was made and presented to vacate and set aside the decree pro confesso and the final decree which was denied. The order denying the motion is made the subject of assignments of error. There was no reversible error in denying the motion to vacate the decree proconfesso.

The final decree, however, was not supported by the record, in this:

The final decree finds that the defendants are indebted to the complainants as follows:

The Principal Sum of.............................$301,805.00
The Interest Thereon at 6% per annum from April
    11, 1926 ...................................... 46,980.98
The Attorneys' Fee due the Complainant for the
    Services of His Solicitors Herein................ 20,000.00
Taxes Paid by Complainant....................... 8,800.00

Which makes a total sum of ....................$377,585.98

There is no basis in the record for the decree that the defendants Cocoa-Rockledge Land Company or Bertie Lee Close or Kenneth R. Close or Cocoa Bank & Trust Company was indebted to the complainant in any sum whatever. There is no foundation in the allegations of the bill or in the proof to sustain the decree for Solicitors fees in the sum of $20,000.00. It is not alleged in the bill that the complainant had agreed to pay his solicitor a reasonable fee to be fixed by the court, nor is there any proof in the record that such an agreement existed between the parties. Solicitors for the appellee, the complainant in the court below, in their brief in this court admit that the agreement between them and the complainant was that they should receive $2,000.00 as compensa-

tion for their services and that only that amount was paid.

For the reasons stated, the final decree should be re-versed with directions to the chancellor to enter a de-cree against the defendants Gertrude C. Bourinout and Harry Bourinout, her husband, for the amount of prin-cipal and interest found to be due, together with taxes paid by the complainant, requiring the same to be paid within a short period to be fixed by the chancellor, and that in default of the payment of the sum so found to be due, that the lien created by complainant's mortgage be foreclosed as against all the defendants and that the prop-erty described in the mortgage be sold under proper order of court to satisfy the decree, with such other terms and conditions as may not be inconsistent with the findings of this court as herein expressed. It is so ordered.

Reversed and remanded.

WHITFIELD, P.J., AND TERRELL, J., concur.

STRUM, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.